FITCH et al. v. METROPOLITAN HOTEL SUPPLY CO.

(Supreme Court, Appellate Division, First Department. February 14, 1902.)

1. AGENCY—SALES—EVIDENCE.

Where, in an action for the price of goods sold, the issue was whether the one who had purchased them for defendant had such apparent authority to make the purchase as to bind defendant, and there was evidence that he was defendant's buyer, and had previously purchased similar goods of plaintiff, and received from defendant a delivery order for the goods, and that defendant had subsequently paid for the same, and recognized other purchases made by him from other parties, the question was one for the jury.

2. SAME—EVIDENCE.

Where the issue was whether one who had purchased goods from plaintiff for defendant had authority so to do, and there was evidence from which the jury could infer such authority, it was not error to allow plaintiffs to show a delivery to a truckman hired by the alleged agent, for the purpose of showing delivery.

Appeal from trial term, New York county.

Action by Walter S. Fitch and others against the Metropolitan Hotel Supply Company. From a judgment in favor of plaintiffs, and from an order denying motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Caston A. Robbins, for appellant.

Dwight W. De Motte, for respondents.

INGRAHAM, J. The only exceptions taken by the defendant were to a denial of a motion to dismiss the complaint at the end of the plaintiffs' case, and to two rulings upon evidence. The action was brought to recover for goods sold and delivered; the plaintiffs alleging that they sold and delivered to the defendants certain goods, wares, and merchandise amounting to $939.75, which sum the defendant promised and agreed to pay. The evidence as to Kalscheim's authority was substantially the same as in the case of Droste against this defendant (decided herewith) 74 N. Y. Supp. 613. The only question presented is whether there was testimony sufficient to justify a submission to the jury of the question as to the authority of Kalscheim to make these purchases on account of the defendant. There was evidence that Kalscheim was the defendant's buyer, employed to purchase goods for the defendant; that he had purchased goods of a similar character from the plaintiffs in October, and received from the defendant a delivery order for the goods; that the defendant had subsequently recognized his authority by paying the plaintiffs therefor; and that the defendant had treated Kalscheim as its agent to purchase goods from other parties in the trade, and had recognized purchases made by him for its account. Under these circumstances, considering the character of these corporations, we think it was at least a question for the jury to say whether or not the defendant had conferred upon Kalscheim an apparent authority to make purchases and receive goods on its ac-

count, and that it was not error to dismiss the complaint at the end of the plaintiffs' case.

The only other exceptions presented by the record are to the testimony of the truckman who was employed by Kalscheim on December 31st. There being evidence from which the jury could infer that Kalscheim had authority from the defendant to purchase articles of this character, it was not error for the plaintiffs to show a delivery to a truckman hired by Kalscheim, and the fact that such goods were actually delivered by the plaintiff to a truckman hired by the defendant's agent would be competent evidence to show delivery.

There was no exception to the charge of the court, and but one request to charge, which the court refused. The ruling upon this request to charge was clearly correct, as the responsibility of the plaintiffs did not depend upon the performance by the plaintiffs of "their duty in disposing of the property"; but, as the charge is not printed in the record, it is impossible to say that this request could be at all material.

There seems to be no question presented upon the record to justify a reversal of the judgment. The judgment and order appealed from are therefore affirmed, with costs. All concur.